UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN WILLIAMS, et al.,

      Plaintiffs,

   v.                                        Case No. 1:19cv0183ES

ROMARM S.A.,

      Defendant.

## MOTION FOR RECUSAL

Plaintiffs, Norman Williams, et al (Williams) request that the presiding judge in this case recuse himself, or that another judge determine whether the grounds for recusal exist, pursuant to 28 U.S. Secs. 455, 144 and Judicial Canon. Plaintiffs can show that, at minimum, the impartiality of the presiding judge may be reasonably questioned in this case. See Christiansen v. National Sav. and Trust Co., 683 F.2d 520 (D.C. Cir. 1982).

On April 16, 2020, the presiding judge filed a disciplinary complaint to the District of Columbia Bar Counsel against plaintiffs' attorney on matters that were before this court nine (9) years ago in former case (*Williams I*) and not reported to Bar Counsel then. Now the court files a complaint on matters dealing with the re-filing of *Williams IV* here and incorporates matters nine (9) years old. This was done after the court had sanctioned plaintiffs' attorney for re-filing this case, even before he could file a timely Rule 59(e) motion (based on "clear error and to prevent manifest injustice"), or note a timely appeal. (The counts in the court's complaint range over a nine (9) year period outlined in plaintiffs' Declaration.)

Twelve (12) days after the court's extrajudicial filing to Bar Counsel on April 16th, plaintiffs filed a timely Rule 59(e) motion on April 28th, which the court never considered before its premature complaint against the plaintiffs' attorney to the Bar.

The court has filed its punitive action toward plaintiffs' attorney on similar issues that are now being argued before the court, namely, that when *Williams I* was last before this court, seeking

1

subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA), the case was dismissed on personal jurisdiction grounds. Those grounds were specific to the District of Columbia's local jurisdictional statute and not based on the nationwide summons and personal jurisdiction dictated by federal statute controlling the FSIA. 28 U.S.C. Sec. 1391(f)(4).

As this court's opinion, in the former case, was without prejudice, plaintiffs had a right and their attorney had a duty, to seek personal jurisdiction over Romarm, in another court, as discovery was denied in *Williams I,* to learn where Romarm was selling its arms to the U.S. so due process could be satisfied. Plaintiffs accomplished that from the District of Maryland (J.Chuang), in *Williams II,* by its finding that Romarm "purposefully availed" itself of the privileges and protection of the state of Vermont through its "regular course of sales" there.

This binding Law of the Case not only asserts personal jurisdiction in the state of Vermont, but also nationwide, by the federal statute alluded to above and through legal precedent cited in the Rule 59(e) motion, that this court has yet to rule on. This court's dismissal in the former case has now been superseded by the sister court which by statutory mandate, under the FSIA, requires that venue must lie in this district court. 28 U.S.C. 1391(f)(4).

By filing disciplinary actions against plaintiffs' attorney, while these proceedings are ongoing and Rule 59 is pending, the presiding judge has placed himself in an adversarial position by showing bias or prejudice against plaintiffs' attorney, as he zealously represents his clients in this long-running search for jurisdiction, which can now be formally recognized, as Romarm is before the United States courts on personal jurisdiction constitutionally, and arguably, subject matter jurisdiction, through the wide net of personal jurisdiction, satisfying the FSIA's. 'commercial activity' exception clauses.

Due to obvious personal bias or prejudice, through its extrajudicial disciplinary action, the presiding judge can hardly be expected to have an open mind in fairly dealing with plaintiffs'

pending motion, which plausibly and by statute, argues for the court's reversal on lack of jurisdiction, based on 'clear error and to prevent manifest injustice'.

I. Judiciary Canon.

The judge's premature action to report plaintiffs' attorney extrajudicially raises the likelihood that his complaints will be published in a disciplinary report by the Washington Lawyer publicizing plaintiffs' attorney while this case is active at the district court level, on appeal, or on remand, violating the ethical bar against judicial public comment on ongoing cases. Canon 3 of the judiciary declares that judges "should not make public comment on the merits of a matter pending or impending in any court."

II. Constitutional Basis.

The Supreme Court takes the position that there are objective standards that require recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456 (1975). See also, Williams v. Pennsylvania, 579 U.S ___,____, 136 Sup.Ct. 1899, 1905 (2016) ("The Court asks not whether a judge harbors an actual, subjective bias, but whether as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias.")

What guarantee can be expected here that the plaintiffs would be given a fair hearing on the jurisdictional issue before this court or at trial, if their attorney for the past 9 years, is facing ethical charges by the same judge that is adjudicating this case. [Under the FSIA, there is no jury trial.]

III. Appearance of Bias or Prejudice.

At minimum, the Supreme Court holds that the appearance alone of lack of objectivity by the court is sufficient to require recusal:

> It is well established that we need not find actual bias or prejudice in order to find a violation of the Canons; rather, we need only conclude that the facts 'might reasonably cause an objective observer to question [the judge's] impartiality.' " Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 865, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); see Liteky v. United States, 510 U.S. 540, 554, 114 S.Ct. 1147 (1994); Scott v. United

States, 559 A.2d 745, 750 (1989) (en banc).

IV. Conclusion.

Plaintiffs' attorney attaches a Declaration that the presiding judge in this active case has had a personal bias against him on several occasion, besides his filing disciplinary actions while this case is still justiciable and therefore requests that if he declines to recuse himself, *sua sponte,* that he proceed no further, but that another judge be assigned to hear this proceeding, pursuant to 28 U.S.C. Sec. 144.

Respectfully submitted,
/s Daniel Wemhoff
Daniel Wemhoff, Esq.
Law Office of Daniel Wemhoff
9601 Southbrook Dr. A 107
Jacksonville, FL 32256
(703) 589-2199
 danwem@yahoo.com

CERTIFICATE OF SERVICE

I certify that I have served the opposing attorneys by ECF system, this date, the 12th of May 2020.

/s Daniel Wemhoff
Daniel Wemhoff, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**NORMAN WILLIAMS, et al.,**

    **Plaintiffs**,

    v.                                                  Case No. 1:19cv0183EKS

**ROMARM S.A.,**

    **Defendant**.

## DECLARATION

I, Daniel Wemhoff, am the plaintiffs' attorney in the above case, having filed the initial case in 2011 for death and bodily harm, based on the District of Columbia's Strict Liability Act, based on the alleged discharge of an assault weapon manufactured, imported and distributed by defendant, Romarm S.A. Such liability requires no proof of negligence on Romarm's part; only proof that its imported weapon caused the extraordinary harm to the plaintiffs that can only be caused by a military style assault weapon adapted for civilian use in the U.S.;

1. I make this Declaration in good faith in support of plaintiffs' motion for recusal;

2. I am asking for the recusal of the sitting judge in this case for the extraordinary and possibly unprecedented disciplinary filings against me while this case is still progressing;

3. It appears that the motivation for filing a complaint to DC Bar Counsel is the plaintiffs' "re-filing of this case", on grounds of personal jurisdiction, seeking subject matter jurisdiction through the FSIA, an argument awaiting disposition, through plaintiffs' Rule 59(e) motion in this District Court;

4. The presiding judge, however, filed his disciplinary complaint against myself 12 days ahead of our post-dismissal argument, in a timely filed Rule 59(e) motion, based on "clear error and to prevent manifest injustice", in that the court's dismissal for lack of personal jurisdiction

1

cannot stand where there is superseding and binding law of the case from a sister court that personal jurisdiction exists over Romarm and by federal statute venue is required in this court. 28 U.S.C. 1391(f)(4);

5. The presiding judge's disciplinary complaint, containing 13 counts, ranging back to 2011, is obviously designed to call me to account extrajudicially, while I am still in litigation and to cool my ardor to pursue this longstanding case, or perhaps, it is intended to cover up mistakes or miscomprehension that the arduous and complexity of the FSIA invites ;

6. Whatever the reason, any hope the plaintiffs have that their case will be impartially decided can no longer be relied upon by the extraordinary and extrajudicial action taken by the judge assigned to this case;

7. This long standing case deserves the review of a neutral judge so that it can be decided fairly and impartially without the shadow of bias or prejudice that the sitting judge has brought to it;

8. Not only have I been personally attacked recently, I have been admonished multiple times by the presiding judge, since this case was initially filed, for such curious matters as "bothering" the clerk of the court for information on filing through the ECF system, for which I was barred by Minute Order from contacting the clerk's office during the former case in 2012;

9. I was admonished for filing an IFP motion for my financially deprived clients, after I had paid the filing fee up front to prevent its dismissal. I had been advised by a clerk in the court that my fee payment would be refunded if my clients qualified for IFP. They were denied IFP status because I had prepaid the fee, not on the basis they were qualified. They were qualified as IFP in later courts.

10. I was then charged for such miscellany as not disclosing related cases when (1) due to a statute of limitation extension, after the initial case filing, I could not have a 'related' case on record or I would be subject to the former limitation barring some of these claims; (2) it was only for lack of space on a single line which prevented the listing of 5 prior cases to this re-filing when I knew the last

2

court listed would disclose the others. Romarm's retained attorneys were not deceived. Practically, I could not turn the page on the computer as the instructions ordered for extra spacing;

11. I have been accused twice for presenting a "disjointed" brief, yet it has not been explained what confusion needed to be cleared up by supplement and this court has never allowed oral argument to clarify such matters, even though plaintiffs have requested it. While all former courts in this difficult case have held oral arguments to help interpret the arduous and arcane FSIA, left by Congress for the court to interpret in waiving sovereign immunity.

/s Daniel Wemhoff