**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

WILLIAMS, *et al.*,

              Plaintiffs,

v.

ROMARM S.A.,

              Defendant.

No. 19-cv-183 (EGS)

---

**MEMORANDUM OPINION**

## I.   Introduction

On April 1, 2020, the Court granted Defendant Romarm S.A.'s ("Romarm") Motion to Dismiss, ECF No. 9; Plaintiffs J.H. (through his legal representatives Norman Williams and Diane Howe), Kevin Attaway, and Jamel Blakeley's (collectively "Plaintiffs") action against Romarm under the District of Columbia's Assault Weapons Manufacturing Strict Liability Statute ("SLA"), D.C. Code § 7-2551 *et seq.*, for damages stemming from two separate shootings in March 2010. *See* April 1, 2020 Order, ECF No. 20; *see also* Mem. Op. ("MTD Mem. Op."), ECF No. 22. Pending before the Court are: (1) Plaintiffs' Motion for Reconsideration ("Recon. Mot."), ECF No. 22; (2) Romarm's Motion for Sanctions Pursuant to Rule 11 and 28 U.S.C. § 1927 ("Def.'s Sanctions Mot."), ECF No. 27; (3) Plaintiffs' First Motion for Sanctions ("Pls.' Sanctions Mot."), ECF No. 34; and (4) Romarm's

Motion to Strike Plaintiffs' First Motion for Sanctions ("Def.'s Strike Mot."), ECF No. 37. Upon careful consideration of the motions, the oppositions, the replies thereto, the applicable law, and the entire record herein, the Court: (1) **DENIES** Plaintiffs' Recon. Mot., ECF No. 22; (2) **GRANTS** Def.'s Sanctions Mot., ECF No. 27; (3) **DENIES** Pls.' Sanctions Mot., ECF No. 34; (4) **DENIES** Def.'s Strike Mot., ECF No. 37; and (5) **ENJOINS** Plaintiffs from filing in any United States District Court any new civil action against Romarm or any defendant, based on the same operative facts, without first seeking leave to file such a complaint.

## II. Background

### A. Factual Background

Much of the factual background for this case is set forth in this Court's prior Memorandum Opinion. *See* MTD Mem. Op., ECF No. 21 at 3-4 (quoting *Williams v. Romarm, S.A.*, 751 F. Appx. 20, 22 (2d Cir. 2018) ("*Williams IX* 2018")). Since 2011, Plaintiffs have been attempting to hold Romarm civilly liable "for two separate shootings [that took place] in March 2010, during which firearms manufactured by Romarm were allegedly used." MTD Mem. Op., ECF No. 21 at 1.

Since that time, Plaintiffs have filed suits alleging the same claims, based on the same operative facts, against the same defendant in various state and federal courts across the nation,

including this Court twice.[1]

In its April 1, 2020 Memorandum Opinion, the Court found that Plaintiffs' claims were barred under the doctrine of collateral estoppel, *see* MTD Mem. Op., ECF No. 21 at 8; noting that: (1) the "same issue now being raised was contested by the parties and submitted for judicial determination in the prior cases," *id.* at 10; (2) the "issue was actually and necessarily determined by a court of competent jurisdiction in the prior cases," *id.* at 12; and (3) "[p]reclusion in this case [did] not work a basic unfairness to the parties bound by the prior determinations," *id.* at 13. In addition, noting that Plaintiffs' "Complaint is devoid of factual allegations and legal claims," *id.* at 17, the Court held it was appropriate to subject Plaintiffs' Counsel to Rule 11 sanctions because "at the time Plaintiffs' counsel filed the Complaint in this case, it was not

---

[1] *Williams v. Romarm*, S.A., 751 F. Appx. 20, 22 (2d Cir. 2018) ("*Williams IX* 2018"); *Williams v. Romarm S.A.*, No. 2:17-CV-6, 2017 WL 6729849, at *1 (D. Vt. Nov. 21, 2017) ("*Williams VIII* 2017"); *Williams v. Romarm S.A.*, No. 2:17-CV-6, 2017 WL 3842595, at *1 (D. Vt. Sept. 1, 2017) ("*Williams VII* 2017"); *Williams v. Romarm*, No. CV TDC-14-3124, 2017 WL 87014, at *1 (D. Md. Jan. 9, 2017) ("*Williams VI* 2017"); *Williams v. S.A.*, No. CV TDC-14-3124, 2016 WL 5719717, at *1 (D. Md. Sept. 30, 2016) ("*Williams V* 2016"); *Williams v. Romarm*, S.A., No. CV TDC-14-3124, 2016 WL 4548102, at *1 (D. Md. Feb. 19, 2016) ("*Williams IV* 2016"); *Williams v. Romarm S.A.*, 116 F. Supp. 3d 631, 635 (D. Md. 2015) ("*Williams III* 2015"); *Williams v. Romarm, SA*, 756 F.3d 777 (D.C. Cir. 2014) ("*Williams II* 2014"); *Williams v. Romarm*, 187 F. Supp. 3d 63, 72 (D.D.C. 2013) (Sullivan, J.) ("*Williams I* 2013"); *Williams v. Does Company Distributor, et al*, Civil Docket 11-cv-01924 (Filed Nov. 1, 2011).

reasonable for him to believe that the Complaint was based on a plausible view of the law," *id.* at 20.

### B. Procedural Background

Plaintiffs filed their Motion for Reconsideration on April 28, 2020, *see* Recon. Mot., ECF No. 22; to which Romarm filed its Opposition ("Recon. Opp'n") on May 12, 2020, *see* Recon. Opp'n, ECF No. 23. Plaintiffs filed their Reply to Romarm's opposition ("Recon. Reply") on May 20, 2020. *See* Recon. Reply, ECF No. 25. On May 29, 2020, Romarm filed its Motion for Sanctions, *see* Def.'s Sanctions Mot., ECF No. 27, to which Plaintiffs filed their untimely Opposition ("Pls.' Sanctions Opp'n") on June 18, 2020, *see* Pls.' Sanctions Opp'n, ECF No. 32. Romarm filed its Reply to Plaintiffs' Opposition ("Def.'s Sanction Reply") on June 25, 2020. *See* Def.'s Sanction Reply, ECF No. 33. Plaintiffs then filed their Motion for Sanctions on July 30, 2020. *See* Pls.' Sanctions Mot., ECF No. 34. Romarm filed both its Motion to Strike, *see* Def.'s Strike Mot., ECF No. 37, and Opposition to Plaintiffs' Motion for Sanction ("Def.'s Sanction Opp'n"), *see* Def.'s Sanction Opp'n, ECF No. 38, on August 13, 2020, to which Plaintiffs filed their combined Opposition to Romarm's Motion to Strike and Reply to Romarm's Opposition to Plaintiffs' Motion for Sanction ("Pls.' Combined Resp.") on August 28, 2020. *See* Pls.' Combined Resp., ECF No. 39.

The motions are ripe and ready for the Court's

adjudication.

## III. Legal Standards

### A. Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e)

Motions for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)(internal citations and quotation marked omitted). A "Rule 59(e) motion may not be used to ... raise arguments or present evidence that could have been raised prior to the entry of judgment," *GSS Grp. Ltd v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012) (internal citation omitted); as these motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances," *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (internal citation omitted). Thus, "the law is clear that a Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *Id*. (internal citations and quotation marks omitted).

### B. Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's Inherent Authority

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a court may impose sanctions on any party if a "pleading, written motion, or other paper ... is presented for any improper purpose; ... the claims, defenses, and other legal contentions therein are unwarranted by existing law; ... the allegations and other factual contentions have no evidentiary support; or the denials of factual contentions are unwarranted on the evidence." *Naegele v. Albers*, 355 F. Supp. 2d 129, 143 (D.D.C. 2005) (citing Fed. R. Civ. P. 11(b)-(c)) (internal brackets omitted). Rule 11(c) limits the types of sanctions that may be imposed "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and allows for "an order to pay a penalty into [a] court." Fed. R. Civ. P. 11(c)(4).

Under 28 U.S.C. § 1927, an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "To qualify as unreasonable and vexatious behavior, there must be 'evidence of recklessness, bad faith, or improper motive' present in the attorney's conduct." *Hall v. Dep't of Homeland Sec.*, 219 F. Supp. 3d 112,

119 (D.D.C. 2016) (quoting *LaPrade v. Kidder Peabody & Co., Inc.*, 146 F.3d 899, 906 (D.C. Cir. 1998)), *aff'd sub nom. Hall v. Dettling*, No. 17-7008, 2017 WL 2348158 (D.C. Cir. May 17, 2017)). "A court may infer this malicious intent from a total lack of factual or legal basis in an attorney's filings," *Hall*, 219 F. Supp. 3d at 119 (internal citation and quotation marks omitted); and the "issuance of such an award is ultimately vested in the discretion of the district court," *id*.

Finally, "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases, . . . [and] [t]hat authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal citation and quotation marks omitted).

## IV. Analysis

### A. Plaintiffs' Motion for Reconsideration Fails to Meet the Applicable Standard Under Rule 59(e)

To begin, Plaintiffs state that they do not argue that there has been "an intervening change of controlling law" or is "the availability of new evidence," but contend only that there is "clear error and manifest injustice." Recon. Mot., ECF No. 22 at 1. However, Plaintiffs later state in their opposition to Romarm's motion for sanctions that Plaintiffs' "Rule 59(e) was

filed, on the bases of 'clear error and to prevent manifest
injustice' and 'intervening change in the law.'" Pls.' Sanctions
Opp'n, ECF No. 32 at 1. Though not completely clear to the
Court, the alleged "intervening change in the law" stems from
Plaintiffs contention that

> The legal posture of this case has changed
> radically since it was last before this Court
> and dismissed due to personal jurisdiction in
> Williams I [*Williams I* 2013]. Subject matter
> jurisdiction was never reached in that former
> case. Now, personal jurisdiction has been
> judicially established as the Law of the Case
> in Williams II [*Williams VI* 2017], in the
> District of Maryland.

Recon. Mot., ECF No. 22 at 1. Citing to *Christianson v. Colt
Indus. Operating Corp.*, 486 U.S. 800, 802 (1988), Plaintiffs
declare that the District of Maryland's finding that the
District of Vermont had personal jurisdiction over Romarm
because it had "targeted *Vermont* specifically by funneling its
products through an exclusive distributor located there," *see
Williams VI* 2017, 2017 WL 87014, at *2 (emphasis added); "has a
binding effect on this [District of Columbia] forum," *see* Pls.'
Sanctions Opp'n, ECF No. 2 at 2; because the District of Vermont
never "overturned" the District of Maryland's personal
jurisdiction finding. *See* Recon. Mot., ECF No. 22 at 2.

   Plaintiffs' argument is devoid of merit. In essence, this
entire action is a reconsideration of this Court's decision in
*Williams I* 2013. In that case, involving the same parties, same

operative facts, same allegations, and the same defendant, this Court ruled that Plaintiffs failed to establish that Romarm: (1) was subject to statutory personal jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), *see Williams I* 2013, 187 F. Supp. 3d at 69-70; or (2) had the "minimum contacts" with the District of Columbia required to establish personal jurisdiction within this forum, *see id.* at 71-72. This Court's finding was affirmed by the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") in *Williams II* 2014, 756 F.3d at 777. As noted in the MTD Mem. Op., Plaintiffs filed this exact case in various courts across the country and upon their return to this Court, filed a document entitled "Second Amended Compliant" which only "refer[ed] to the dismissal of the case by the Court of Appeals for the Second Circuit ('Second Circuit') [in *Williams IX* 2018, 751 F. Appx. at 22] and state[d] that plaintiffs are refiling this action." See ECF No. 21 at 2. Though Plaintiffs readily note that the District of Maryland's decision in *Williams VI* 2017 was never "overturned," Plaintiffs fail to acknowledge that this Court's decision in *Williams I* 2013 was also never overturned. That Plaintiffs completely ignore this Court's decision in *Williams I* 2013 is illustrative of their faulty understanding of the "law of the case" doctrine and-as Romarm points out-makes "Plaintiffs' pending motion for reconsideration . . . meritless." *See* Recon. Opp'n, ECF No. 23

at 3.

The "law of the case" doctrine is the premise that "the same issue presented a second time in the same case in the same court should lead to the same result." *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999). Though a Court should be "loathe to [revisit a prior decision] in the absence of extraordinary circumstances," a court retains "the power to revisit prior decisions of its own or of a coordinate court in any circumstance." *Christianson*, 486 U.S. at 817. In *Christianson*, the Supreme Court held that the Court of Appeals for the Federal Circuit, after finding that it lacked jurisdiction, "in transferring the case to the [Court of Appeals for the] Seventh Circuit, was the first to decide the jurisdictional issue. . . . Thus, the law of the case was that the Seventh Circuit had jurisdiction." *Id*. Similarly, because this Court's decision in *Williams I* 2013 was "the first to decide the jurisdictional issue," unsurprisingly, the law of the case for this Court remains that it lacks personal jurisdiction over Romarm. *See id*.

In any event, as Romarm points out-and the Court agrees-the District of Maryland's decision in *Williams VI* 2017, cannot be considered an "intervening change in the law" because this Court's most recent dismissal in this action was issued on April 1, 2020, and the Court had previously considered this very argument. *See* Def.'s Sanction Reply ECF No. 33; *see also* MTD

Mem. Op., ECF No. 21 at 18 ("Plaintiffs' counsel provides no legal authority for why, even if the Vermont District Court could exercise personal jurisdiction over Romarm in Vermont, this Court can exercise personal jurisdiction over Romarm in the District of Columbia in view of this Court's dismissal of these same claims for lack of personal jurisdiction. . . .").

With no intervening change in the law and no new evidence, Plaintiffs' motion for reconsideration is nothing more than a blatant attempt to relitigate issues that have already been decided. *Compare* Pls.' Opp'n to Def.'s MTD, *Williams I* 2013, Dkt No. 12-cv-436, ECF No. 19 at 8, Jan. 18, 2013 (arguing that "FSIA itself, provides appropriate jurisdiction" over Romarm), *and* Pls.' MTD Opp'n, ECF No. 18 at 15 (arguing that Romarm's activities "satisfies the FSIA's jurisdictional requirement"), *with* Recon. Mot., ECF No. 22 at 3 (arguing that Romarm's commercial activity is the basis for subject matter jurisdiction under FSIA). However, having had many "bites at the apple," Plaintiff may not use a motion under Rule 59(e) to again present the same arguments. *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (noting that Rule 59(e) motions "may not be used to relitigate old matters"); *Klayman v. Fox*, No. CV 18-1579 (RDM), 2019 WL 3752773, at *1 (D.D.C. Aug. 8, 2019) (denying a motion for reconsideration where the plaintiff "merely rehashe[d] his prior arguments").

Further, Plaintiffs do not point to any clear error or demonstrate any manifest injustice. Under Rule 59(e), to constitute a "clear error," a party must show, under a "very exacting standard," *Lardner v. F.B.I.*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (internal citation and quotation marks omitted), that a "final judgment [was] 'dead wrong,'" *Id.* (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir.1988)). Manifest injustice, though harder to define, *see Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011); "must entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law," *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35-36 (D.D.C. 2013). Here, Plaintiffs do not specify any clear error or raise any contentions that rise to the level of a manifest injustice. At best, Plaintiffs' motion for reconsideration merely explains their profound disagreement with the Second Circuit and this Court's previous decisions, but "[m]ere disagreement does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)(quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir.1993)).

Accordingly, the Court finds that reconsideration is unwarranted. *See Dun v. Transamerica Premier Life Ins. Co.*, No. CV 19-40 (JEB), 2020 WL 4001472, at *7 (D.D.C. July 15, 2020)

(denying motion for reconsideration where the plaintiff did "not come close to satisfying" the clear error or manifest injustice criteria); *Smith v. Finley*, No. CV 19-1763 (RC), 2020 WL 5253982, at *3 (D.D.C. Sept. 3, 2020)(denying a plaintiff's motion for reconsideration, of the court's decision that it lacked subject matter jurisdiction, where the plaintiff failed to "raise any 'intervening change of controlling law,' allege any new evidence, or establish any clear error in the Court's prior ruling as required under Rule 59(e)").

For these reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration, ECF No. 22.

### B. Plaintiffs' Counsel is Subject to Sanctions Pursuant to Rule 11, and Defendant is Entitled to Reasonable Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927

In its Motion for Sanctions, Romarm requests sanctions against Plaintiffs and their counsel, Daniel Wemhoff, Esq. ("Mr. Wemhoff"), on the grounds that Plaintiffs' continued prosecution of this case is: "(1) not warranted by existing law; (2) unsupported by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) brought for an improper purpose and/or is designed to harass Defendant." Def.'s Sanctions Mot., ECF No. 27 at 1.

For his part, Mr. Wemhoff argues that "he re-filed this case on a good faith basis . . . in this forum after the Law of the Case, that plaintiffs lacked personal jurisdiction, was

*overturned* after it left this forum in 2012, because then, as it was known, Romarm had no legal ties to the District of Columbia." Pls.' Sanctions Opp'n, ECF No. 32 at 1-2 (emphasis added).[2] He also states that Romarm's "last-ditch filing, only after Plaintiffs' Rule 59(e) was filed . . . appears to be driven by a worrisome outcome to what is normally a perfunctory motion." *Id.* at 1. Mr. Wemhoff then goes onto repeat his prior jurisdictional arguments. *See generally, id.*

The record is this action indicates that sanctions against Mr. Wemhoff, pursuant to Rule 11 and the awarding of attorneys' fees and costs to Romarm, pursuant to 28 U.S.C. § 1927 are appropriate.

Under Rule 11, there "are procedural and substantive requirements set forth in the Rule that must be met before a court may impose sanctions." *Naegele*, 355 F. Supp. 2d at 143 (internal citations omitted). "Rule 11 mandates that sanctions be imposed only 'after notice and a reasonable opportunity to respond.'" *Id.* (citing Fed. R. Civ. P. 11(c)) (internal brackets

---

[2] Mr. Wemhoff states that he "was given 2 ½ days to oppose [Romarm's motion for] sanctions." Pls.' Sanctions Opp'n, ECF No. 32 at 1. However, Mr. Wemhoff's original motion for extension of time, ECF No. 30, was filed on June 13, 2020, one day passed the deadline to file a response, *see* LCvR 7(b), and was labeled as "unopposed" even though he had not received Romarm's consent. Though the Court denied Mr. Wemhoff's request for a 60-day extension to respond to Romarm's sanctions motion, in total Mr. Wemhoff had approximately 18 days to file his response. *See* June 17, 2020 Min. Order.

omitted). Further, Rule 11 provides a safe harbor of twenty-one days for the "challenged paper, claim, defense, contention, or denial [to be] withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(2).

The Court finds that Romarm has met Rule 11's procedural requirement. Romarm states that it provided Mr. Wemhoff with notice of its intention to file its motion for sanctions and gave him a reasonable opportunity to withdraw Plaintiffs' motion for reconsideration on May 7, 2020. *See* Def.'s Sanctions Mot., ECF No. 27 at 7; *see also* May 7, 2020 Notice of Intent to File Rule 11 Motion, ECF No. 27-1. Mr. Wemhoff did not withdraw any of Plaintiffs' motions within twenty-one days of his receiving Romarm's notice, and Romarm filed its motion for sanctions on May 29, 2020. *See* Def.'s Sanctions Mot., ECF No. 27.[3]

Next, "for the substantive requirements of Rule 11, the court applies 'an objective standard of reasonable inquiry on represented parties who sign papers or pleadings.'" *Naegele*, 355 F. Supp. 2d at 143-44 (quoting *Bus. Guides, Inc. v. Chromatic Communications Enterprises*, 498 U.S. 533, 554 (1991)). As noted above, "sanctions may be imposed if [the] reasonable inquiry discloses the pleading, motion, or paper is (1) not well

---

[3] Mr. Wemhoff later withdrew Plaintiffs' motion for recusal, after it had been fully briefed, on October 23, 2020. *See* Notice of Withdrawal of Mot., ECF No. 46.

grounded in fact, (2) not warranted by existing law or a good
faith argument for the extension, modification, or reversal of
existing law, or (3) interposed for any improper purpose such
as harassment or delay." *Westmoreland v. CBS, Inc.*, 770 F.2d 1168,
1174 (D.C.Cir.1985).

Since this Court has already found that Plaintiffs' claims
that FSIA provided this Court with personal jurisdiction over
Romarm were precluded, *see* MTD Mem. Op., ECF No. 21 at 9; the
Court finds that Plaintiffs' current round of pleadings are "not
warranted by existing law", *see id.*; and are in bad faith. *See
McLaughlin v. Bradlee*, 803 F.2d 1197, 1205 (D.C. Cir. 1986)
("[W]hen preclusion doctrine clearly forecloses consideration of
the merits, the groundlessness of the litigation or the bad
faith in which it was brought may become especially apparent.").
Even in his response, Mr. Wemhoff continues to assert that this
Court's decision concerning personal jurisdiction was
"overturned," *see* Pls.' Sanctions Opp'n, ECF No. 32 at 2; but
has never provided "any reasonable factual or legal basis to
support . . .[his] claim[]." *Reynolds v. U.S. Capitol Police
Bd.*, 357 F. Supp. 2d 19, 26 (D.D.C. 2004). His "abuse of the
judicial process constitutes an egregious violation of Rule 11
in the judgment of this Court." *Id.* at 25; *see also Del Canto v.
ITT Sheraton Corp.*, 865 F. Supp. 934, 939 (D.D.C. 1994) (noting
that "it is without doubt appropriate to impose some sanction

16

under Rule 11 in order to deter repetition of the unacceptable conduct of counsel and 'comparable conduct by others similarly situated.'") (quoting Fed. R. Civ. P. 11(c)(2))).

Further, Mr. Wemhoff's pending motions have clearly "unreasonably and vexatiously" multiplied this litigation. *See LaPrade*, 146 F.3d at 906. The record easily confirms that, with the exception of the District of Maryland's decision in *Williams VI* 2017, Mr. Wemhoff has continued to file briefs in which he makes arguments that disregard the judicial findings of all the other courts that have reviewed this action. *See generally*, Recon. Mot., ECF No. 22 (arguing that: (1) this Court's decision in *Williams I* 2013 was overturned by the District of Maryland's decision in *Williams VI* 2017; and (2) the Second Circuit's decision was incorrect because it failed to consider that personal jurisdiction and subject matter jurisdiction are intertwined under FSIA); *see also* Pls.' Sanctions Opp'n, ECF No. 32 (same).

Moreover, Mr. Wemhoff filed Plaintiffs' own motion for sanctions, *see* Pls.' Sanctions Mot., ECF No. 34; claiming that Romarm has "prolonged this case" by seeking "to deprive this court of jurisdiction by acts of fraud and deception, in (1) suborning the filing of a false affidavit; (2) concealing the Law of the Case, and (3) other devious tactics to undermine the courts adjudication of jurisdiction," *id*. at 1. Mr. Wemhoff, who

17

does not even claim to satisfy Rule 11(c)'s procedural requirement, *see* Fed. R. Civ. P. 11(c), goes on to state that (1) "this court, in the former case [*Williams I* 2013], unwittingly fell prey to Romarm's deception," *id.* at 4; and (2) "plaintiffs [had] proved prima facie personal jurisdiction over Romarm, that remains persuasive law in this re-filed case, and is plausibly conducive to subject matter jurisdiction," *id.* at 18.

"Not only are [Mr. Wemhoff's] accusations in his motion for sanctions plainly without merit, the filing itself is abusive and vexatious." *In re Yelverton*, 526 B.R. 429, 431 (D.D.C. 2014). Mr. Wemhoff declares that "Romarm's attorneys perpetrated a fraud on the court" by producing an affidavit that "steer[ed] this court away from deciding subject matter jurisdiction based on its import-exports" and "forcing [the Court] instead into taking the path of least resistance, by dismissing this case for lack of personal jurisdiction." Pls.' Sanctions Mot., ECF No. 34 at 2. However, Mr. Wemhoff's accusation has no merit.

In *Williams I* 2013, the Court held that "[n]owhere in the complaint or in any of the briefing does plaintiff suggest that [Romarm] has 'continuous and systematic' contacts with the *District of Columbia* that would subject it to the general jurisdiction of this forum." 187 F. Supp. 3d at 71 (emphasis added). Mr. Wemhoff has never refuted this, nor found any

support connecting Romarm to the District of Columbia. That Mr. Wemhoff was later able to convince the District of Maryland that Romarm had sufficient connections to the State of Vermont has no bearing on the findings of this Court. *See In re Yelverton*, 526 B.R. at 431-32 (denying petitioner's motion for sanctions where the petitioner had himself made "abusive and vexatious" claims that had been repeatedly "rejected as baseless"). Further, when Plaintiffs were able to raise an argument for subject matter jurisdiction in the District of Vermont, that court found that it lacked subject matter jurisdiction over claims against Romarm under FSIA. *See Williams VII* 2017, 2017 WL 3842595, at *6.

The Court also takes issue with Mr. Wemhoff's insinuation that the Court has somehow fell "prey" to Romarm's arguments concerning jurisdiction. *See* Pls.' Sanctions Mot., ECF No. 34 at 3. It is axiomatic that before a court reviews the merits of any suit, it must ensure that it has both subject matter jurisdiction over the claim and personal jurisdiction over the defendant. *See Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 171 (D.D.C. 2019) (citing *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996); *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 74 (D.D.C. 2017)). As noted by this Court and the district courts in both Maryland and Vermont, it is Plaintiffs' burden to establish that a court has personal jurisdiction over Romarm. *See Williams I* 2013, 187 F.

19

Supp. 3d at 70 ("plaintiff bears the burden of establishing a factual basis for personal jurisdiction over the defendant(s)"); *Williams III* 2015, 116 F. Supp. 3d at 635 ("It is the plaintiff's burden to establish personal jurisdiction by a preponderance of the evidence."); *Williams VII* 2017, 2017 WL 3842595, at *3 (Under FSIA, the "party seeking to establish jurisdiction bears the burden of producing evidence establishing that a specific exception to immunity applies"). Each of these courts found that Plaintiffs did not meet their burden of establishing both personal jurisdiction and subject matter jurisdiction in their courts.

Because Mr. Wemhoff disregards this Court's decisions in *Williams I* 2013; the D.C. Circuit's decision in *Williams II* 2014 affirming this Court's ruling, the District of Maryland's decisions in *Williams III* 2015, *Williams IV* 2016, and *Williams V* 2016; the District of Vermont's decisions in *Williams VII* 2017 and *Williams VIII* 2017[4]; and the Second Circuit's decision in *Williams IX* 2018 affirming the District of Vermont's ruling, the Court infers "malicious intent from [the] total lack of factual or legal basis in [Mr. Wemhoff's] filings." *See Hall*, 219 F.

---

[4] Notably, in *Williams VIII* 2017, the District of Vermont denied another of Mr. Wemhoff's Rule 59(e) motions, stating that Plaintiffs "point[ed] to no theories, facts, or court decisions that were unavailable to them" in the under case and that Plaintiffs only sought "an opportunity for both re-argument and reconsideration." 2017 WL 6729849, at *2.

Supp. 3d at 119. Since this Court has found "that [the] pleading is not well grounded in fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, [and] is interposed for an[] improper purpose, 'Rule 11 requires that sanctions of some sort be imposed.'"[5] *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 852 (D.C. Cir. 1995) (citing *Westmoreland*, 770 F.2d at 1174–75).

Rule 11 requires that any sanctions imposed "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). However, a court may not impose a monetary sanction on a represented party for putting forth claims that are not warranted by existing law or making frivolous arguments to change existing law. Fed. R. Civ. P. 11(c)(5)(A). Finally, the district court has "discretion to 'tailor Rule 11 sanctions as appropriate to the facts of the case,' striking a balance between equity, deterrence, and compensation." *Reynolds*, 357 F. Supp. 2d at 26 (citing *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 46 (D.C.Cir.1990)).

This Court previously imposed a "$1,000 penalty" to be paid

---

[5] Having already referred Mr. Wemhoff to the District of Columbia Bar Disciplinary Counsel and to the United States District Court for the District of Columbia Committee on Grievances, *see* MTD Mem. Op., ECF No. 21 at 24, the Court will update those entities with the Court's additional findings.

to the Clerk of Court, finding that the sanction was "not more severe than reasonably necessary to deter repetition of the conduct." MTD Mem. Op., ECF No. 21 at 22. Since most of the Court's findings concern Mr. Wemhoff's disregard of existing court precedent and implausible view of existing law, the Court will not sanction Plaintiffs as the represented parties. For his continued waste of judicial resources, even in the face of the Court's previously imposed penalty, the Court has determined in its discretion that Mr. Wemhoff shall pay to the Clerk of the Court an additional $5,000 penalty. In addition, pursuant to 28 U.S.C. § 1927, for his "unreasonably and vexatiously" extending these proceedings, the Court has determined that Mr. Wemhoff shall "reimburse [Romarm] the full cost of defending this action" by paying its reasonable attorneys' fees and costs for all work completed since the filing of Plaintiffs' motion for reconsideration, ECF No. 22, on April 28, 2020. *See John Akridge Co. v. Travelers Companies*, 944 F. Supp. 33, 34 (D.D.C. 1996), *aff'd*, No. 95-7237, 1997 WL 411654 (D.C. Cir. June 30, 1997).

For these reasons, the Court **GRANTS** Romarm's Motion for Sanctions, ECF No. 27; and **DENIES** Plaintiffs' First Motion for Sanctions, ECF No. 34.

Further, Romarm requests that the Court strike Plaintiffs' First Motion for Sanctions "because (1) it is procedurally improper, (2) it improperly contains disparaging personal

attacks, and (3) it is filed for an improper purpose." Def.'s
Strike Mot., ECF No. 37 at 3. In response, Plaintiffs argue that
Romarm's motion to strike "Plaintiffs' Motion for Sanctions is
more obsessed with killing the messenger than dealing with their
lack of candor to the courts exhibited throughout these
proceedings." Pls.' Combined Resp., ECF No. 39 at 1. "Pursuant
to Federal Rule of Civil Procedure 12(f), a court may strike a
pleading, or portions thereof, for insufficiency, redundancy,
immateriality, impertinence or scandalousness." *Judicial Watch,
Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C.
2004)(citing Fed. R. Civ. P. 12(f)). "A court has broad
discretion in ruling on a motion to strike; however, striking
portions of a pleading is a drastic remedy, and motions to
strike are disfavored." *Uzlyan v. Solis*, 706 F. Supp. 2d 44, 51
(D.D.C. 2010). Here, though the Court agrees that some of the
assertions in Plaintiffs' Motion for Sanctions are indeed
scandalous and impertinent, the Court is not in favor of
striking the motion because, as noted above, the Court has
considered the motion in its determination that Plaintiffs'
counsel, Mr. Wemhoff, should himself be sanctioned.

For these reasons, the Court **DENIES** Def.'s Strike Mot., ECF
No. 37.

### C. A Pre-Filing Injunction Against Plaintiffs is Warranted

"The constitutional right of access to the courts 'is

neither absolute nor unconditional.'" *In re Yelverton*, 526 B.R. at 432 (quoting *In re Green*, 669 F.2d 779, 785 (D.C.Cir.1981)). The Court "'has an obligation to protect and preserve the sound and orderly administration of justice.'" *Id.* (quoting *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C.Cir.1985)). To "stem the flow of frivolous actions," a pre-filing injunction may be issued to "protect the integrity of the courts and the orderly and expeditious administration of justice." *Caldwell v. Obama*, 6 F. Supp. 3d 31, 49–50 (D.D.C. 2013)(citing *Urban*, 768 F.2d at 1500). Before a court can issue such an injunction,

> (1) the affected litigant must be provided with "notice and an opportunity to be heard," or the chance to "oppose the entry of an order restricting him before it is entered"; (2) the court must create an "adequate record for review"; and (3) the court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions."

*Crumpacker v. Ciraolo-Klepper*, 288 F. Supp. 3d 201, 204 (D.D.C. 2018) (quoting *Gharb v. Mitsubishi Elec. Corp.*, 148 F.Supp.3d 44, 56 (D.D.C. 2015)). However, the "requirement of notice and an opportunity to be heard can be satisfied without a hearing in court, so long as the affected litigants have an opportunity to contest the injunction in briefing." *Crumpacker*, 288 F. Supp. 3d at 204 (citing *Smith v. Scalia*, 44 F.Supp.3d 28, 46 (D.D.C. 2014)).

In view of the history of this action, stretching back to

2011, with Plaintiffs filing lawsuits against Romarm "in no less [than] nine separate actions across three circuits, with all actions involving the same parties and the same operative facts," *see* October 8, 2020 Min. Order ("Oct. MO"), the Court, *sua sponte*, ordered (1) Plaintiffs to file a supplemental brief showing "why the Court should not enter a vexatious litigants pre-filing injunction against the plaintiffs in this case," and (2) Romarm to file a supplemental response to Plaintiffs' brief, *see id.*

In reply to the Court's order, Plaintiffs argue that: (1) their Rule 59(e) motion is "based on 'clear error' and 'manifest injustice'" because "plaintiffs' argued correctly in opposition that they had attained personal jurisdiction over defendant, Romarm, subsequent to this court's similar dismissal when plaintiffs were before this same court in 2013," Pls. Suppl. Resp., ECF No. 44 at 1-2; (2) "Personal jurisdiction, heretofore, the Law of the Case, requires coordinate courts to adopt it and arguably consider its constitutional significance for subject matter jurisdiction under clause 1 . . . and as a result, [Romarm] must be denied sovereign immunity," *id.* at 2; (3) the case was refiled in the District of Columbia because it is the "forum designated by federal statute for suits against foreign entities," *id.* at 2 (citing 28 U.S.C. § 1391(f)(4)); (4) personal and subject matter jurisdiction are "inextricably

intertwined" and was brought to the Court's attention but
"disregarded favoring Romarm's outmoded argument that the
court's 2013 dismissal for lack of personal jurisdiction
prevailed, which it did not," and "Plaintiffs' prevailing Law
of the Case doctrine was re-asserted in their Rule 59(e) motion,
now pending, and as well as in their opposition to defendant's
motion for sanctions pending," Pls. Suppl. Resp., ECF No. 44 at
2-3; and (5) that three factors forced Plaintiffs from this
forum: (a) Romarm's "perjured statement caused the court to
bypass subject matter jurisdiction under the FSIA and dismiss
this case on personal jurisdiction alone leaving it up to the
plaintiffs to secure another venue for jurisdiction," (b) "this
Court's denial of plaintiffs' attempted limited jurisdictional
discovery which would have fleshed out Romarm's firearms sales
to a U.S.," and (c) "Plaintiffs['] unawareness, and seemingly
that of the court's, that venue under federal law and its rules,
designate the District Court of the District of Columbia as the
forum for suits against foreign states and aliens wherever
personal jurisdiction might exist," *id.* at 4-5. Believing that
the Court's request for briefing on a "vexatious litigants pre-
filing injunction" stems solely from Plaintiffs' filing an
inappropriate, and now stricken, motion for summary judgement,
even though the case had been dismissed, *see* Oct. MO; Plaintiffs
argue that *Crumpacker* "offers little relevance to a single

26

motion for judgment in this case, or its predicate re-filing, for injunctive relief, where no less than 13 pleadings were filed in the above case under both real and assumed identities" and Plaintiffs' "filing for summary, or partial judgment was not for purposes of delay or obfuscation, but to expedite and incapsulate the jurisdiction issues in the proceedings," Pls. Suppl. Resp., ECF No. 44 at 6-7.

In its response to the Court's order and in reply to Plaintiffs' supplemental response, Romarm first argues that, that "although an identical matter was dismissed by this Court for lack of personal jurisdiction seven years ago (and affirmed on appeal), Plaintiffs filed the same lawsuit against Romarm," and "[d]espite numerous opportunities, Plaintiffs have never cited legal authority permitting such a re-filing." Def.'s Suppl. Resp., ECF No. 47 at 2. Further, Romarm contends that Plaintiffs' counsel (1) "attempts to deflect from his own vexatious conduct by continuing to baselessly denigrate Defendant," *id.*; (2) "blames the Court for not understanding the law, denying the opportunity to conduct discovery, and for referring Plaintiffs' counsel for professional review," *id.*; and (3) "filing of this lawsuit, inappropriate filing of a motion for reconsideration (and a motion to supplement the motion for reconsideration), filing a dubious motion to recuse, filing a retaliatory motion for sanctions, and incorrectly filing a

motion for summary judgment were procedural assaults launched, and strategic decisions made, by Plaintiffs' counsel alone," *id*. Next, Romarm states that Plaintiffs' filing of a motion for summary judgment when the case has been dismissed is not an isolated incident, as Plaintiffs "have demonstrated a pattern of submitting baseless filings; filing beside-the-point and vexatious supplemental briefs; ignoring settled case law and precedent; failing to accurately disclose the procedural or factual history; misconstruing legal doctrines; failing to comply with Federal Rules and Local Rules; and otherwise harassing Defendant and burdening this Court." *Id*. at 4. Finally, Romarm argues that a pre-filing injunction is warranted because "there is a clear pattern of harassment of, and frivolous filings against, Romarm." *Id*. at 5.

The record in this action demonstrates that a nationwide pre-filing injunction against Plaintiffs and Mr. Wemhoff, based on the same operative facts, is warranted. First, Plaintiffs were given "notice and an opportunity to be heard," *see Crumpacker*, 288 F. Supp. 3d at 204, via the Court's October 8, 2020 Minute Order, *see* Oct. MO; to which Plaintiffs responded on October 22, 2020, *see* Pls. Suppl. Resp., ECF No. 44.

Second, the record in this action is clear. Plaintiffs filed an action against the same defendant, Romarm, alleging the same claims, based on the same operative facts as in Civil

Action No. 12-436 on March 20, 2012. *See* Dkt. 12-436.[6] Mr. Wemhoff's theory for this Court's jurisdiction over Romarm was properly assessed and the Court found that (1) it lacked personal jurisdiction over Romarm pursuant to FSIA, *See Williams I* 2013, 187 F. Supp. 3d at 69 (noting that it "is simply not the law in this Circuit" that "a foreign corporation that is state-owned under the FSIA is automatically subject to personal jurisdiction in this Court"); (2) jurisdictional discovery was not warranted, *id.* at 73; and (3) the "Court's conclusion that it lacks personal jurisdiction over [Romarm] moots defendant's argument that the Court also lacks subject-matter jurisdiction, and the Court need not reach the latter issue," *id.* The D.C. Circuit later affirmed this Court's findings. *See Williams II* 2014, 756 F.3d at 781, 787 ("Appellants have failed to allege any conduct by Romarm that was purposely directed toward the District of Columbia."). Absent a successful review to the Supreme Court, this should have ended Plaintiffs' claims against Romarm based on the same operative facts.

Plaintiffs went on to bring this case in both the Districts

---

[6] The Court notes that the action in Docket 12-436 was filed, while a related case involving the exact same parties, allegations, and facts was pending before Judge Amy Berman Jackson in Civil Action No. 11-1924. The Court has previously found that Mr. Wemhoff violated Local Civil Rule 40.5(b)(4) when he failed to notify this Court of the related case. *See* MTD Mem. Op., ECF No. 21 at 23.

of Maryland and Vermont. In *Williams III* 2015, the Court ruled that "because the United States District Court for the District of Columbia has already decided [the] issue [of personal jurisdiction] in the parties' prior case, the doctrine of collateral estoppel (issue preclusion) bars Plaintiffs from re-litigating this question before this Court." 116 F. Supp. 3d at 636. In *Williams IV* 2016, noting that the Plaintiffs had recently alleged that "Romarm has received at least $1 million in revenue from sales of its weapons that have been stored in Maryland or sold by affiliated dealers in Maryland," the court allowed Plaintiffs to file an amended complaint, 2016 WL 4548102, at *2; and after Plaintiffs filed their amended complaint, the court dismissed that complaint "[b]ecause Plaintiffs ha[d] failed to cure the jurisdictional defects necessitating dismissal of the original Complaint," *Williams V* 2016, 2016 WL 5719717, at *1. In one final push before the District of Maryland, Plaintiffs filed a motion to transfer the action to the District of Vermont, which the court granted because the Court found that "Plaintiffs ha[d] made a *prima facie* showing [that Romarm had] both a regular course of sales into Vermont and a specific effort to target the state of Vermont." *Williams VI* 2027, 2017 WL 87014, at *1. However, after several rounds of briefings in the District of Vermont, that court held that it lacked subject matter jurisdiction because

"Plaintiffs' Amended Complaint is not 'based upon' Defendant's conduct within the meaning of the FSIA," *Williams VII* 2017, 2017 WL 3842595, at *6; and in *Williams VIII* 2017, that same court denied Plaintiffs' Rule 59(e) motion finding that "Plaintiffs point[ed] to no theories, facts, or court decisions that were unavailable to them when they opposed Defendant's motion to dismiss" and noting that Romarm's "motion to dismiss was not only fully briefed, [but] it was [also] the subject of extensive oral argument," 2017 WL 6729849, at *2. Finally, the Second Circuit, affirmed the lower court finding that it lacked subject matter jurisdiction and affirmed the lower court's denial of Plaintiffs' Rule 59(e) motion, finding that Plaintiffs waived their "commercial exception" argument pursuant to clause one of the FSIA. *See Williams IX* 2018, 751 F. App'x at 23.

The Court finds that the record readily demonstrates the frivolousness of Plaintiffs' filings. Plaintiffs have had numerous "bites at the apple" but have only rehashed and repeated a plethora of arguments that numerous courts have already fully addressed and resolved. In Plaintiffs' supplemental response to the Court's Oct. MO, Mr. Wemhoff asks "what canon of ethics stand in the way of plaintiffs' zealously searching for jurisdiction"? Pls. Suppl. Resp., ECF No. 44 at 6-7. Rule 3.1 of the District of Columbia Rules of Professional Conduct states that a "lawyer shall not bring or defend a

proceeding, or assert or controvert an issue therein, *unless there is a basis in law and fact for doing so that is not frivolous*, which includes a good-faith argument for an extension, modification, or reversal of existing law." (emphasis added). When an attorney disregards a court's prior rulings, fails to note related cases, violates the Federal Rules of Civil Procedure and the Court's local rules, and continues to bring claims using arguments that have already been assessed by other courts, the attorney has stepped outside the zone of zealous representation, and into the realm of bad-faith ligation. As has long been recognized, "[i]t is emphatically the province and duty of the [courts] to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). Though Mr. Wemhoff may disagree with the Court's ruling, absent a successful appeal, that ruling must stand. Regarding this litigation, "[a]t some point, litigation must come to an end" and as far as this Court is concerned, "[t]hat point has now been reached" in this case. *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011).

"For the foregoing reasons, the Court finds that [Plaintiffs'] repeated filings of meritless complaints in this district [and other districts] is vexatious, harassing, and 'imposes an unwarranted burden on the orderly and expeditious administration of justice.'" *Crumpacker*, 288 F. Supp. 3d at 206.

Accordingly, Plaintiffs are **ENJOINED** from filing in any United States District Court any new civil action against Romarm or any defendant, based on the same operative facts, without first seeking leave to file such a complaint. *Id.*

## V.   Conclusion

For the reasons set forth above, the Court **DENIES** Motion for Reconsideration, ECF No. 22; **GRANTS** Defendant's Motion for Sanctions, ECF No. 27; **DENIES** Plaintiffs' First Motion for Sanctions, ECF No. 34; **DENIES** Defendant's Motion to Strike Plaintiffs' First Motion for Sanctions, ECF No. 37, and **ENJOINS** Plaintiffs from filing in any United States District Court any new civil action against Romarm or any defendant, based on the same operative facts, without first seeking leave to file such a complaint.

A separate Order accompany this Memorandum Opinion.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
          **United States District Judge**
          **January 14, 2021**